UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-21593-GAYLES

**CORTHORIS JAMAL JENKINS**,

    Petitioner,

v.

**STATE OF FLORIDA**,

    Respondent.

_____/

## ORDER DISMISSING PETITION

**THIS CAUSE** is before the Court on Petitioner Corthoris Jamal Jenkins' *pro se* "Writ of Mandamus and Order for Execution and Service of Subpoena on Attorney General State of Florida." [ECF No. 1] ("the Petition"). Petitioner, a state prisoner, asks this Court to compel the Florida Attorney General to disclose discovery in his state criminal case. For the following reasons, the Petition is **DISMISSED** pursuant to 28 U.S.C. § 1915A and this Court's inherent authority.

Because Petitioner is a prisoner who has filed suit against government employees, the Court must screen this case under § 1915A. *See Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998). Under § 1915A, courts must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see also Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007). In addition, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir.

1981) (citations omitted). This includes the inherent power to *sua sponte* dismiss a frivolous case. *See id.*; *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties"). A pleading is frivolous "if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Courts must construe *pro se* pleadings liberally and hold them "to a less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, courts do not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

The Petition must be dismissed because this Court lacks jurisdiction over Petitioner's requested relief. As an initial matter, Petitioner purports to seek relief under the Federal Rules of Civil Procedure. He "moves this Court pursuant to Fed. R. Civ. P. 37(a)(1) . . . [and] Fed. R. Civ. P. 34(a)(1)(A)[,] to issue an order compelling the Attorney General[ ] to subpoena any designated documents, photographs, such a[s] paper format including all cancelled arrest warrants, criminal records, from the so-called victim in [his criminal] case 'including to C.I. Services' related to this case." [ECF No. 1 at 1] (alterations added). The Federal Rules of Civil Procedure, however, do not create an independent cause of action. *See Kinsey MLH Fin. Servs., Inc. Kinsey v. MLH Fin. Servs., Inc.*, No. 3:10-CV-1055-J-JRK, 2011 WL 13136253, at *12 (M.D. Fla. Dec. 19, 2011) (citing *Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F. Supp. 2d 444, 452 (D. Del. 2007)) (noting that

"the Federal Rules of Civil Procedure do not create a private cause of action"); *see also State Police for Automatic Ret. Ass'n v. Difava*, 164 F. Supp. 2d 141, 156 (D. Mass. 2001) ("the Federal Rules of Civil Procedure do not create independently enforceable rights upon which [a plaintiff] may sue"); *T.B. Proprietary Corp. v. Sposato Builders, Inc.*, No. CIV. A. 94-6745, 1996 WL 674016, at *7 (E.D. Pa. Nov. 20, 1996) ("[t]he Federal Rules of Civil Procedure do not state independent causes of action nor create substantive law").

Petitioner's request for this Court to compel the Florida Attorney General to disclose discovery to Petitioner in his state criminal case is essentially a request for mandamus relief (as the title of his Petition implies). District courts lack jurisdiction to issue writs of mandamus to compel state officials to perform their duties. *See Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought"); *Lawrence v. Miami-Dade Cnty. State Att'y Off.*, 272 F. App'x 781, 781 (11th Cir. 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."). Under 28 U.S.C. 1361, "[f]ederal mandamus is available only to 'compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Bailey*, 226 F. App'x at 924 (quoting § 1361). Thus, the Court lacks jurisdiction to compel the Florida Attorney General to disclose discovery.

To the extent Petitioner is challenging his state criminal conviction, the appropriate avenue for relief is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (holding that a claim that challenges the validity of a state conviction must be raised in a § 2254 petition). In addition to his requests for discovery,

- 4 -

Petitioner also appears to claim that his sentence violates the Eighth Amendment to the U.S. Constitution. He "asks this Honorable Federal Court to find that Section 775.087 [of the Florida Statutes] violates the prohibition on cruel and unusual punishments in both the United States and Florida Constitutions." [ECF No. 1 at 2]. This is precisely the sort of claim that must be raised in a habeas petition. In such a proceeding, Petitioner will have an opportunity to seek discovery upon a showing of good cause. *See* Rules Governing Section 2254 Cases, R. 6.

Accordingly, it is **ORDERED AND ADJUDGED** that the Petition, [ECF No. 1], is **DISMISSED**, this case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Tuesday, April 08, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: **Corthoris Jamal Jenkins**, *pro se*
W71769
Lawtey Correctional Institution
Inmate Mail/Parcels
7819 NW 228th Street
Raiford, FL 32026